LUCERO, J.,
Concurring in part, dissenting in part.
My respected colleagues do not predicate their reversal of this case on a claimed misapplication of Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas RR. Co., 363 U.S. 528, 532, 80 S.Ct. 1326, 4 L.Ed.2d 1379 (1960) (MKT), and none appears warranted. Instead, the panel majority delivers the novel pronouncement that the district court’s equitable power to condition anti-strike injunctions has been indirectly limited by Congress’ passage of the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq. Lack of a principled distinction of the Supreme Court’s holding in MKT, coupled with my conclusion that the panel majority’s novel pronouncement is unwarranted, leads me to dissent.
In concluding that this case is a “minor dispute” that must be sent back yet again *1287 to arbitration under the RLA, the majority fails to recognize that there has already been full compliance with the act, not once, but twice. All parties have previously accepted the composition of the previous arbitration panels called to adjudicate essentially the same dispute, not once, but twice. The Brotherhood of Maintenance of Way Employes Division (BMWED) and the Union Pacific Railroad Company (UP) have twice submitted their dispute, both involving track tie fabrication, to arbitration under the RLA, and BMWED has twice prevailed. Faced with the third installment of this embittered saga, the district court fashioned a remedy that would end this dispute over track tie fabrication once and for all — it required the parties to submit all remaining disputes over the UP Proper Agreement to the Fishgold arbitration panel. The majority concludes that the district court was without authority to impose this condition and remands the case for referral in “Groundhog Day” fashion to yet a third arbitration panel. I disagree that the RLA preempts the equitable powers of the federal courts to so condition anti-strike injunctions, and respectfully dissent on this point.
Neither the majority opinion or its response to my dissent presents any language from the RLA, any piece of legislative history, or any case establishing that the RLA’s dispute resolution framework preempts or otherwise excludes the district court’s powers to condition an anti-strike injunction on returning a dispute to a particular arbitrator. Rather, all we are told is that “the condition imposed by the district court is inconsistent with the remedial scheme for ‘minor disputes’ set forth in the RLA.” Maj. op. at 1284 (emphasis added). Inconsistency, however, does not equal preemption, and I would require more than mere conflict to circumscribe the powers of a district court sitting in equity. As stated by the Court in MKT, 363 U.S. at 532, 80 S.Ct. 1326:
Since the power to condition relief is essential to ensure that extraordinary equitable remedies will not become the engines of injustice, it would require the clearest legislative direction to justify the truncation of that power. Such direction, if it exists, presumably must be derived from the Railway Labor Act itself, and since that Act contains no express provisions circumscribing the equitable powers of the court, such limitations, if any, must be created by clear implication.
(emphasis added). Apart from lamenting the “conflict” between the RLA and this particular exercise of equitable power, the majority neither identifies a “clear[ ] legislative direction to justify the truncation” of the district court’s equitable powers nor a “clear implication” that such has been done. If the mere presence of a statutory dispute resolution scheme was sufficient to pro tanto strip the equitable powers of the district courts, those powers would be feeble indeed. This, I cannot accept.
I therefore dissent from the majority opinion insofar as it holds the district court lacked the power to condition an anti-strike injunction on returning the dispute to a particular arbitrator that had presided over a prior dispute involving the same contract. I concur in the remainder of the majority opinion.